BLACK DIAMOND COLLIERIES *v.* TOM DEAL.*

(*Knoxville*. September Term, 1921.)

MASTER AND SERVANT. Compensation dependent on timely notice of accident.

Under Workmen's Compensation Act, section 22, unless the employer has actual knowledge of an accident, the injured employee is not entitled to compensation accruing before written notice to the employer, and unless such notice is given within thirty days of the accident, no compensation shall be payable under the act, unless a reasonable excuse for the failure is made to the satisfaction of the tribunal trying the claim; section 23 relating to form of the notice, merely saving a defect from being a bar to compensation, unless the employer shows he was injured thereby.

Acts cited and construed: Workmen's Comp. Act, sec. 22.

FROM ANDERSON.

Error to the Circuit Court of Anderson County.—HON. JOHN JENNINGS, JR., Special Judge.

BEN H. TESTERMAN, J. H. UNDERWOOD and FRANTZ, MC-CONNELL & SEYMOUR, for plaintiff.

H. C. SCRUGGS, J. B. BURNETT and J. H. WALLACE, for defendant.

---

*Upon the subject of giving notice of injury and filing claim for compensation under Compensation Acts, see notes in L. R. A. 1916A, 83 and 244; L. R. A. 1917D, 135 and L. R. A. 1918E, 556.

144 Tenn.—30

MR. JUSTICE GREEN delivered the opinion of the Court.

This is a proceeding by an employee to recover under our Workmen's Compensation Act (chapter 123 of the Acts of 1919) for injuries alleged to have been sustained by him while in the service of the plaintiff in error.

The suit was resisted for the reason, among others, that the employee failed to give the employer written notice of the accident as required by the statute.

This suit was brought several months after the employee was injured, and notice was given pending the suit. This was not sufficient.

The act provides as follows:

"Sec. 22. Be it further enacted, that every injured employee or his representative shall, immediately upon the occurrence of an injury or as soon thereafter as is reasonable or practicable, give or cause to be given to the employer written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of this act from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this act unless such written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

"Sec. 23. Be it further enacted, that the notice required to be given of the occurence of an accident to the employer shall state in plain and simple language the

name and address of the employee, the time, place and nature and cause of the accident resulting in injury or death, and shall be signed by the claimant or by some person in his behalf, or by any one or more of the claimant's dependents if the accident resulted in death to the employee. But no defect or inaccuracy in the notice shall be a bar to compensation unless the employer can show to the satisfaction of the tribunal in which the matter is pending that he was prejudiced by the failure to give the proper notice and then only to the extent of such prejudice.

"The notice shall be given personally to the employer or to his agent or agents having charge of the business in working at which the injury was sustained by the employee."

There is very little room for construction of this language. Its meaning is quite plain. Unless the employer has actual knowledge of the accident, the employee shall not be entitled to any compensation which may have accrued prior to written notice to the employer. Unless such written notice is given within thirty days after the occurrence of the accident no compensation shall be payable under the provisions of the act, except a reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal trying the case. Such is the effect of section 22.

Section 23 relates to the form of the notice, but provides that a defective notice shall not be a bar to compensation unless the employer can show that he was thereby prejudiced. In the case before us, as stated before, no written notice was given to the employer

within thirty days after the accident, nor was any excuse offered for such dereliction.

There must be written notice within thirty days, or there must be a satisfactory excuse. Otherwise compensation cannot be enforced. To hold otherwise would be to disregard the provisions of the act.

It results that the lower court erred in rendering judgment in this case, and this judgment must be reversed, and the suit dismissed.