Black Diamond Collieries v. Deal. .

BLACK DIAMOND COLLIERIES *v.* TOM DEAL.*

(*Knoxville.* September Term, 1924.)

1. **JUDGMENT.** Former adjudication not on merits and not involving same questions not binding.

Where same questions were not involved in present and former proceeding, and former case was not disposed of on merits, plea of former adjudication fails. (*Post, p.* 476.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Black Diamond Collieries v. Deal, 144 Tenn., 465; Brewster v. Galloway, 72 Tenn., 558; Harris v. Mason, 120 Tenn., 668.

2. **ESTOPPEL.** When litigant estopped by former statement under oath stated.

Statements under oath in judicial proceeding estop one from setting up repugnant or contradictory claim; it being contrary to public policy to permit one who has deliberately assumed false position to subsequently profit by inconsistent one. (*Post, pp.* 476, 477.)

Case cited and approved: Stamper v. Venable, 117 Tenn., 561.

3. **ESTOPPEL.** Mistaken statements or those involving opinion held not to raise estoppel.

Mistaken statements or such as involve opinion and are not assertion of fact do not raise estoppel, and oath to be binding as estoppel must be willfully false. (*Post, p.* 477.)

4. **ESTOPPEL.** Statement in former compensation proceeding as to injury from kick from mule held not repugnant to claim of injury from closing valve in power house.

Statement in former workmen's compensation proceeding as to cause of injury by kick from mule *held* not inconsistent with or repug-

Black Diamond Collieries v. Deal.

nant to claim of injury in present proceeding from wrenched shoulder while closing valve in power house. (*Post, pp.* 477-480.)

5. **MASTER AND SERVANT.** Evidence in support of compensation claim viewed favorably on appeal.

On review most favorable view of evidence in petitioner's claim for compensation must be accepted. (*Post, p.* 481.)

6. **MASTER AND SERVANT.** Court's finding of facts on evidence in compensation case final.

If there is material evidence to support finding of trial court in compensation proceeding, his conclusion on facts is final. (*Post, p.* 481.)

Cases cited and approved: Milne v. Sanders, 143 Tenn., 603; Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 672.

---

*Headnotes 1. Judgments, 34 C. J., sections 1294, 1325; 2. Estoppel, 21 C. J., section 242; 3. Estoppel, 21 C. J., section 242; 4. Estoppel, 21 C. J., section 242; 5. Workmen's Compensation Acts, section 144 (1926 Anno); 6. Workmen's Compensation Acts, section 144.

---

FROM ANDERSON.

---

Appeal from the Circuit Court of Anderson County. —Hon. J. H. S. Morison, Judge.

Frantz, McConnell & Seymour and J. H. Wallace, for appellants.

J. B. Burnett, E. H. Powers and A. J. Agee, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

Deal, the petitioner, was awarded compensation for injuries sustained April 22, 1922, while at work for the Black Diamond Collieries, the defendant. The defend-

ant excepted to the award, and appealed, assigning as error: (1) That petitioner is precluded from claiming compensation by his sworn statements in a former judicial proceeding involving a claim for a like disability; (2) that the evidence does not sustain the judgment of the court and preponderates against the conclusion that petitioner sustained a partial permanent disability on April 22, 1922; (3) that the court erroneously observed chapter 84, Acts 1923, which fixes the maximum of $12 a week instead of chapter 123, Acts 1919, which limits the maximum to $11 a week.

The first proposition alludes to a proceeding under the Compensation Act by petition filed July 27, 1919, and ending in a dismissal on appeal to this court as appears from the opinion in *Black Diamond Collieries* v. *Deal,* 144 Tenn., 465, 234 S. W., 322.

It is urged that petitioner claimed, in the former proceeding, compensation for total permanent disability of his right arm in consequence of the dislocation of a shoulder, and that in this case he presents a similar claim.

The plea of former adjudication fails because it does not appear that the same questions are involved in this and the former proceeding. Moreover, the former case was not disposed of on its merits. *Brewster* v. *Galloway,* 4 Lea (72 Tenn.), 558; *Harris* v. *Mason,* 120 Tenn., 668, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011.

The defendant invokes the doctrine of judicial estoppel, insisting that the petitioner made statements on oath in the former proceeding relative to the injury sustained December 27, 1919, inconsistent with and repugnant to his present claim to compensation for permanent dis-

ability sustained April 22, 1922. Statements under the sanction of an oath made in the course of a judicial proceeding operate to estop one from setting up a repugnant or contradictory claim because it is contrary to public policy to permit a litigant who has deliberately assumed a false position to subsequently profit by taking an inconsistent one. Bigelow on Estoppel (5 Ed.), 717; *Stamper* v. *Venable,* 117 Tenn., 561, 97 S. W., 812. If petitioner's conduct falls within this rule, he would be estopped.

However, mistaken statements or such as involve an opinion, and are not the assertion of a fact do not raise estoppel. The oath to be binding as an estoppel must be willfully false.

The petition and petitioner's testimony in the former proceedings are introduced by the defendant in support of its defense of judicial estoppel and its plea of former adjudication. The petition recites that on December 27, 1919, while switching cars in the mines, one of defendant's mules kicked petitioner on the right shoulder, and dislocated it, by reason of which he has been unable since the injury to perform manual labor to a great extent, and especially to follow his former occupation as driver in the mines, and that by reason of the injury his earning capacity was greatly diminished and permanently injured. The petitioner prays for such compensation as the court may decree under the facts.

The substance of the petitioner's testimony given October 7, 1920, in the former proceeding was that a mule kicked him on December 27, 1919, injuring his shoulder and impairing the use of his right arm; that, although injured on December 27, he returned to work

on January 6, but was unable to use his right arm, and that he could not carry on his work of handling the mule cars except where he could sprag with his left hand; that he could not use the right hand in spragging, that is, checking the motion of the car. He stated that he quit work on February 16, 1920, because of the injury to his shoulder and inability to use his arm, and from that date until October 20, 1920, he was unable to do any work because of the injury.

As the basis of his claim to compensation in this cause petitioner charged in the petition and testified in the cause that on April 22, while at work in the power house of the defendant, it was necessary to close a valve, an operation which required turning a large wheel, and in turning the wheel he wrenched his shoulder and dislocated it, rendering his right arm useless because of pain, and because he could not raise it to a horizontal or vertical position. It appears from this record that some time after the first proceeding was heard in the trial court petitioner commenced work in the blacksmith shop, and was promoted to a position in the engine room, where he was engaged when the latter injury occurred.

We are unable to find any statement in the former proceeding inconsistent with or repugnant to the claim presented here, further than that the claim is for disability to the same member—the right arm. The claim presented by the former petition was for injuries sustained from the kick of a mule on December 17, 1919, and in that petition the accident and the injury are described, followed by the statement that the arm was disabled, for which he asks such compensation as is deemed right by the court.

It may be noted that section 38 of the Workmen's Compensation Act provides that the amount of any award payable periodically for more than six months may be modified. Such compensation as might have been allowed for the former disability extending beyond a period of six months was subject to modification.

Dr. J. M. Cox, the mine surgeon for the defendant, who examined petitioner on April 23, 1922, the day following the injury, says he found the right shoulder before and behind swollen, and that his examination then and subsequent thereto disclosed that the ligaments were bruised and drawn. It appears from the testimony that such an injury to the ligaments of the shoulder may result in an adhesion producing stiffness and impairing the use of the arm. Dr. Cox expressed the opinion that the latter injury permanently impaired the use of petitioner's right arm. It appears from Dr. Cox's testimony, and that of other witnesses, that the shoulder is now stiff, and that the arm cannot be raised to a horizontal position, and that only the forearm can be used.

The trial judge carefully investigated the case, continuing the hearing from one term to another so that additional proof might be introduced. He not only heard all of the evidence, but observed petitioner and caused him to manipulate the arm so as to determine from a practical demonstration his ability to use it.

Before the injury of April 22, 1922, and after that of December 17, 1919, Dr. Gammon examined petitioner in order to report upon an application for release from poll tax and road duty. He testifies that the examination prior to April 22, 1922, revealed that petitioner was in-

capacitated in the use of the right arm to the extent of twenty-five per cent.

Dr. Cox testified that after the injury of April 22, 1922, the impairment in use of this arm was seventy-five per cent.

Section 20 of the Compensation Act provides:

"If an employee has previously sustained a permanent injury elsewhere than in the employment in which he sustains a subsequent permanent injury, he shall be entitled to compensation only for the disability that would have resulted from the latter accident if the earlier injury had not existed, and such earlier injury shall not be considered in estimating the compensation on the basis of either a total or partial disability, to which the employee may be entitled under this act."

Although the previous injury was sustained while working for the same employer, it was a distinct injury not related to the last accident, and the trial judge properly observed the foregoing section in its application to the facts of the case. He allowed compensation under section 28, subsection (a) and subsection (c), the last paragraph, deducting twenty-five per cent., the impairment in use consequent upon the injury prior to April 22, 1922, testified to by Dr. Gammon, from the total impairment of seventy-five per cent. testified to by Dr. Cox after the injury of April 22, 1922. By this method he found a permanent partial disability of fifty per cent. in the use of the right arm in consequence of the later injury, and there is material evidence to sustain this conclusion.

Upon review in this court the most favorable view of the evidence in support of petitioner's claim must be

accepted. If there is material evidence to support the finding of the trial court, his conclusion upon the facts are final. *Milne* v. *Sanders,* 143 Tenn., 603, 228 S. W., 702; *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 672, 257 S. W., 395.

It is insisted by defendant that petitioner was malingering; that the defect in his shoulder is a chronic condition, bearing no relation to the accident alleged in the petition. X-ray skigrams were made by Dr. H. H. McCampbell, who with Dr. V. D. Holloway testified on behalf of defendant that these skigrams show no defect in the bones about the shoulder.

It appears from their testimony that the X-ray would not disclose an injury to the ligaments and an adhesion consequent upon a tearing of the muscles about the shoulder. When this statement is considered in connection with that of Dr. Cox that he found the ligaments bruised and torn upon the examination of April 23, 1922, the trial judge could properly infer that in healing these ligaments adhered in such manner as to produce the stiffness disclosed by evidence and the court's examination of the petitioner.

The judgment of the trial court cannot be disturbed further than by a modification reducing the maximum from $12 per month to $11 per month. The trial judge erroneously applied the act of 1923, which had not become effective when his judgment was rendered. As thus modified, the judgment is affirmed.