## L. M. WARE *v.* ILLINOIS CENTRAL RAILWAY COMPANY.[*]

## (Nashville. December Term, 1925.)

1. **MASTER AND SERVANT.** Requirement of notice of ''occurrence of accident'' within thirty days does not require subsequent notice after ''injury'' manifests its seriousness (Acts 1919, chapter 123, sections 22, 31).

"Occurrence of the accident" in provision for written notice to employer within thirty days thereafter, in Acts 1919, chapter 123, section 22, is given its express meaning, and does not mean subsequent date when seriousness of the injury has become apparent, especially in view of construction given section 31. (*Post, pp.* 147, 148.)

Acts cited and construed: Acts 1919, ch. 123, sec. 22.

Case cited and approved: Graham v. Wells Brick Co., 150 Tenn., 664.

2. **MASTER AND SERVANT.** Knowledge by employer's representatives, of injury, held to excuse failure to give written notice (Acts 1919, chapter 123, section 22).

Where employee informed his foreman at time of accident to his finger, and was directed to office porter for treatment, who treated wound and wrapped it, and employee resumed work, *held* employee was reasonably excused from giving written notice within thirty days after accident pursuant to Acts 1919, chapter 123, section 22. (*Post, p.* 148.)

3. **MASTER AND SERVANT.** Ignorance, without apparent fault, of serious consequences of accident, by employee and employer's representative held to excuse failure to give written notice (Acts 1919, chapter 123, section 22).

Where employee informed foreman of accident to finger, and was directed to office porter for treatment, and neither employee nor

---

[*]Time within which notice of injury must be given under Workmen's Compensation Statutes, see notes in L. R. A., 1916A, pp. 83, 244; L. R. A., 1918D, 135; L. R. A., 1918E, 556.

porter who examined it and treated it regarded it as serious at the time, *held* failure to give written notice was reasonably excused under Acts 1919, chapter 123, section 22. (*Post, p.* 148.)

Cases cited and approved: Crane Enamelware Co. v. Dotson, 277 S. W., 902; Chatta. Imp. & Mfg. Co. v. Grady, Scealf, — Tenn.—; Ezelle v. Tipton, 150 Tenn., 301; Black Diamond Collieries Co. v. Deal, 144 Tenn., 465.

4. **MASTER AND SERVANT.** Findings of fact in compensation case conclusive.

Supreme court will not disturb findings of trial court on questions of fact in compensation cases. (*Post, p.* 148.)

---

\*Headnotes 1. Workmen's Compensation Acts, C. J., Section 102; 2. Workmen's Compensation Acts, C. J., Section 102; 3. Workmen's Compensation Acts, C. J., Section 102; 4. Workmen's Compensation Acts, C. J., Section 127.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County.— Hon. H. W. Laughlin, Judge.

Chas. L. Neely, for appellant.

Sivley, Evans & McCadden, H. D. Minor, Chas. N. Burch and J. P. M. Hamner, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This petitioner for compensation was found by the trial judge to have suffered, in the month of August, 1923, while in the employ of the defendant, an injury

which resulted in the amputation, in March following, of the middle finger of the right hand. The finding further was that defendant's foreman, under whom petitioner worked, was informed of the accident at the time and directed petitioner to an office porter in charge of first aid remedies, who, in performance of his customary duty, gave the wound antiseptic treatment and wrapped it; that neither the petitioner, nor apparently the representatives of the company, who examined the injury and treated it, regarded it at the time as serious, and petitioner resumed work and continued to work for the defendant, with more or less regularity, until January following, meanwhile experiencing more or less inconvenience, pain, and discomfort, of which he made no further report, still believing that his injury was slight and only temporary.

After quitting in January the employ of defendant, he did some other work, but was finally, in the month of February, forced to go to the hospital for treatment, with the result already stated. It was further found that:

"The finger and hand were so badly infected that it resulted in ankilosis of the hand to such an extent that the court finds from the testimony of experts that plaintiff has sustained at least a sixty-five per cent. permanent partial disability of his right hand;" and, "that the condition . . . was caused by the injury to said finger in August, 1923, as aforesaid."

No written notice was given the defendant until in April after the amputation. The judgment of the court was that petitioner could not recover because of his failure to give written notice within thirty days, not of the accident, but of the development of the seriousness of the

injury; this conclusion being thus stated:

"The court is of opinion that no written notice was necessary until real injury resulted to plaintiff on account of said original injury. This did not occur until February 29, 1924. Written notice was absolutely necessary to a recovery by plaintiff after the original injury developed into a serious and disabling one on the 3d and 4th days of March, 1924. Plaintiff did not even give written notice within thirty days after he left the hospital on the 9th of March; and, not having given such notice, the court is of opinion that plaintiff is not entitled to compensation."

On the facts found, we are of opinion that petitioner was reasonably excused from giving the notice required as a condition of recovery by the pertinent portion of section twenty-two of chapter 123, Acts of 1919, reading as follows:

"And no compensation shall be payable under the provisions of this act unless such written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented."

It will be seen that this thirty-day limitation begins t run from "the occurrence of the accident," and not from a subsequent date when the seriousness of the injury has become apparent. Opportunity is thus required to be promptly given the employer to investigate the facts and circumstances of the accident, as well as to investigate and judge at the time of its probable consequences. This construction of this provision is not only called for by its express terms, but is more consistent with its pur-

pose, which is the protection of the employer from unfounded demands. The language in section 31, "one (1) year after the occurrence of the injury," has been construed to mean "after the occurrence of the accident which results in the injury." *Graham* v. *Wells Brick Co.*, 266 S. W., 770, 150 Tenn., at page 664. In section 22 the language is altogether free from doubt.

With respect to the reasonableness of the excuse shown for failure to give the notice, two grounds heretofore recognized by this court concur: First, actual knowledge at the time, by the representatives of the employer, of the accident, its cause, and the then apparent extent of the injury. (*Crane Enamelware Co.* v. *Dotson* [Tenn.], 277 S. W., 902); and, second, evident ignorance, without apparent fault, of the serious consequences of the accident, on the part of the employee, and also of the representatives of the employer. (*Chatta. Imp. & Mfg. Co.* v. *Grady Scealf* [Knoxville, Sept. term, 1925]). Partially in point is *Ezelle* v. *Tipton*, 264 S. W., 355, 150 Tenn., 301. And see note 32, citing English Cases, in C. J. advance pamphlet on Workmen's Comp. Acts, p. 105.

These conclusions are not in conflict with *Black Diamond Collieries Co.* v. *Deal*, 234 S. W., 322, 144 Tenn., 465, wherein this court expressly recognized that the thirty-day notice requirement did not apply, if a reasonable excuse for failure to give the notice is made to appear.

The rule of practice, invoked by learned counsel for defendant, and supported by numerous citations, that this court will not disturb the findings of the trial court on questions of fact in compensation cases, is well established. The conclusions we now reach are in full recog-

nition, and, indeed, in enforcement of that rule. While the court at one point in his memorandum uses the language, ''no excuse is offered by plaintiff for not having given written notice within thirty days after the trouble necessitating the operation,'' the language already quoted subsequently used by him makes it clear that he was here referring, not to the accident in August, but to the development of the injury in February. We do not understand the trial court to have found as a fact that no reasonable excuse was shown for failure to give the notice within thirty days after the occurrence of the accident, and the facts found by him are to the contrary effect, as hereinbefore recited.

The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.