R. U. Beech *v.* S. A. Keicher *et al.**

(*Knoxville,* September Term, 1926.)

Opinion filed November 20, 1926.

1. **WORKMEN'S COMPENSATION ACT.** Notice of injury.
**Knowledge of employer. Excuse.**
No compensation under the Act (Act 1919, ch. 123), can be recovered
without thirty day's notice after occurrence of the accident, unless
a reasonable excuse "is made to the satisfaction of the tribunal
to which claim for compensation may be presented;" that em-
ployer had actual notice, or was not prejudiced by failure to give
notice, will not suffice. (Post, p. 331.)
Citing: Black Diamond Collieries v. Deal, 144 Tenn., 466; and dis-
tinguishing from Crane Enamelware Co. v. Dotson, 152 Tenn., 405.

2. **SAME. Same. Same. Question reserved.**
Whether physical disability, if shown, will constitute a reasonable
excuse for not giving notice. (Post, p. 332.)

3. **SAME. Same. Same. Supreme Court practice.**
Great latitude, judgment and discretion is vested in the trial courts;
their decrees will only be reviewed upon questions of law. Where
there is no evidence to support a finding, the question then be-
comes one of law. (Post, p. 332.)

---

*As to time within which notice of injury and claim for compensa-
tion must be given under Workmans' Compensation Act, see annota-
tion in L. R. A. 1917D, 138; L. R. A. 1918E, 559, 28 R. C. L. 825;
5 R. C. L. Supp. 1579. Excuse for not giving notice or making claim,
see annotation in L. R. A. 1917D, 141; L. R. A. 1918E, 564; 28 R. C. L.
825.

Citing: Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 665;
Ezell v. Tipton, 150 Tenn., 300; Crane Enamelware Co. v. Dotson,
152 Tenn., 405; Ware v. Illinois Cent. Ry. Co., 281 S. W., 297.

*Headnotes 1. Workmen's Acts, C. J., section 102; 2. Workmen's
Compensation Acts, C. J., section 102; 3. Workmen's Compensation
Acts, C. J., section 127; 4. Workmen's Compensation Acts, C. J.,
sections 127, 128.

## FROM ROANE.

Appeal from Chancery Court of Greene County.—HON.
Jos. A. CALDWELL, Special Chancellor.

J. E. BIDDLE, for appellant.

SUSONG, SUSONG & PARVIN, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the
Court.

The petitioner Beech had his arms torn and mangled,
due to a premature dynamite explosion, while blasting
rock for the defendants. The accident occurred on June
30, 1922. He was carried to the hospital where both
arms were amputated. He remained in the hospital two
weeks. He did not give the statutory thirty days' writ-
ten notice, and, in fact, made no claim for compensation
until February 27, 1923, when his attorney wrote de-
fendants as follows:

"Mr. R. U. Beech has employed me to bring suit against
you for the loss of his arms, caused by premature ex-

plosion of dynamite. The suit against you will be brought under the Workmen's Compensation Act.

"I figure that you are due him, under this act, $3240. Please come up and let me go over the matter with you. If you wish to pay, advise me at once. I told him I would write you about it.

"Let me hear from you at once."

Upon the hearing the chancellor dismissed the petition, and the cause comes to this court for a review of the decree entered in the trial court.

It is conceded that the thirty days' written notice was not given; but counsel for petitioner insists that such notice was not necessary because the employer had actual notice of the injury and was not prejudiced by the failure to give notice.

In *Crane Enamelware Company* v. *Dotson,* 152 Tenn., 405, it was said that, in most jurisdictions, notice is excused in such circumstances. The cases supporting the rule were, however, based largely upon the peculiar phraseology of the statutes involved, and the rule was cited by this court solely to illustrate the liberality indulged by courts in excusing notice, where no prejudice results. We were dealing with the question of what constituted reasonable excuse for failure to give notice, and did not intend to convey the impression that actual knowledge of the injury, in and of itself, was a sufficient excuse.

No compensation can be recovered without the notice, unless a reasonable excuse "is made to the satisfaction of the tribunal to which the claim for compensation may be presented." *Black Diamond Collieries* v. *Deal,* 144 Tenn., 466.

This brings us to the second inquiry, viz: was the excuse offered by the petitioner, for not giving the notice, reasonable?

The petitioner testified that his failure to give notice was attributable to his physical condition.

The chancellor held against petitioner upon that issue, and said:

"His failure to give notice is sought to be excused by reason of his physical condition, but the proof is clear to the mind of the court that complainant was in full possession of his mental faculties within the thirty (30) days period and could have given the notice, if he intended to avail himself of the benefits of the statute, and the court feels that, having failed to give the notice, or offer proper excuse, complainant should be left to his common-law rights."

It is not assigned for error that the foregoing finding is not supported by some evidence; and, upon this question, the finding of the trial court is binding upon us. We have considered the evidence upon the question of physical disability to give notice, and find abundant evidence to support the conclusions of the chancellor. Taking the record as a whole, we are impressed with the idea that the petitioner did not intend to make claim for damages until some months after the accident, and his failure to give notice was likely due to that fact.

It is not necessary to decide whether physical disability, if shown, would constitute a reasonable excuse for not giving notice.

In these compensation cases great latitude, judgment and discretion is vested in the trial courts, and their decrees will only be reviewed upon question of law. Where

there is no evidence to support a finding the question then becomes one of law.

In *Vester Gas Range & Mfg. Company* v. *Leonard,* 148 Tenn., 665; *Ezell* v. *Tipton,* 150 Tenn., 300, and *Crane Enamelware Company* v. *Dotson,* supra, the trial courts held the excuses, for failure to give notice, reasonable, and this court affirmed their findings.

In *Ware* v. *Illinois Cent. Ry. Co.,* 281 S. W., 927, this court held the excuse offered reasonable, and said:

"We do not understand the trial court to have found as a fact that no reasonable excuse was shown for failure to give the notice within thirty days after the occurrence of the accident, and the facts found by him are to the contrary effect, as hereinbefore recited."

We find no error in the decree of the chancellor and it will be affirmed.