BROOKSIDE MILLS AND AMERICAN MUTUAL LIABILITY INS.
CO. *v.* JOHN HARRISON.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

---

*As to time within which notice of injury must be given as required by Workmen's Compensation Statutes, see annotation in L. R. A., 1917D, pp. 138, 141; L. R. A., 1918E, pp. 559, 564; 28 R. C. L., 825; 4 R. C. L. Supp., 1869; 5 R. C. L. Supp., 1579; 6 R. C. L. Supp., 1764; 7 R. C. L. Supp., 1010.

*Corpus Juris-Cyc References: Workmen's Compensation Acts, CJ, section 102, p. 104, n. 27; p. 105, n. 29, 32.

HODGES & CREEKMORE, for plaintiff in error.

MYERS E. HARTMAN, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

John Harrison was an employee of the Brookside Mills and brought this suit under chapter 123 of the Acts of 1919 claiming to have sustained injuries arising out of and in the course of his employment. The insurer of the Brookside Mills was joined as a defendant and both parties answered denying liability on various grounds. There was a judgment in favor of the employee from which the employer and the insurer have appealed in error.

Without discussing other questions, we think this suit must be dismissed by reason of the failure of the employee to give the written notice required by the statute. He testified that he was ruptured on February 5, 1927,

by reason of some lifting that he did in connection with his duties; that he worked or tried to work a few days longer before quitting; that he gave no written notice of his injury to his employer until May 25th following.

The employee further testified that one Dave Roland was his foreman but admitted that nothing was said to Roland about the injury. Proof was introduced on behalf of the employee tending to show that one Homer Hill had notice of the employee's injury within thirty days thereafter. The employee himself, however, said that Hill was not his foreman at the time and proof introduced for the defendant indicates that Hill never was a foreman at all.

It appears without controversy on the record that no official of the employer had notice of the alleged injury until May 25th nor did Roland, the employee's foreman, have any such notice prior to May 25th.

After receiving notice of the injury on May 25th the employer did nothing further than notify its insurer of the accident and the insurer undertook the defense. Some criticism is made of the conduct of representatives of the insurer in procuring a statement about the matter from the employee but there is nothing in the statement different from the employee's testimony on the question of notice.

(1) The language of section 22 of chapter 123 of the Acts of 1919 is imperative, as we have frequently held.

"There must be written notice within thirty days, or there must be a satisfactory excuse. Otherwise compensation cannot be enforced. To hold otherwise would be to disregard the provisions of the Act." *Black Diamond Colleries* v. *Deal*, 144 Tenn., 465.

*(2)* "It is true that written notice is not necessary to entitle the employee to compensation prior to the time notice must be given, but unless notice is given within the thirty-day period the right to compensation ceases. In other words, a mere knowledge upon the part of the employer of the accident does not operate in favor of compensation indefinitely, it only operates until the time when notice is required to be given." *Meade Fiber Corp.* v. *Starnes,* 147 Tenn., 362.

In *Beech* v. *Keischer,* 154 Tenn., 329, the court, referring to previous cases, expressly disclaimed any intention to convey the impression that actual knowledge of the injury, in and of itself, was sufficient excuse for failure to give the written notice to the employer within thirty days as required by the statute.

In *Beech* v. *Keischer,* the court referred to *Vester Gas Range & Mfg. Company* v. *Leonard,* 148 Tenn., 665, *Ezell* v. *Tipton,* 150 Tenn., 300, *Crane Enamelware Company* v. *Dotson,* 152 Tenn., 405, and *Ware* v. *Illinois Central R. Co.,* 153 Tenn., 144, in each of which cases it appeared that a reasonable excuse was made for the failure to give notice. Such a case also was *Washington County* v. *Evans,* 156 Tenn., 197. In some of these cases there were elements of waiver or estoppel arising out of the employer's conduct.

*(3)* In the case before us, as a matter of fact, the employer had no actual knowledge of this employee's injury until the written notice was served. The knowledge of a fellow workman could not be imputed to the employer.

We can conceive of no excuse that the employee here might have put forward for his failure to give the statu-

tory notice, except his ignorance of the requirements of the law. That has never been regarded a valid excuse. The employee was not so disabled that he could not get around a bit and communicate with his friends and we have no question of physical impossibility as an excuse.

Reversed and dismissed.