Helen **PENTECOST**, Plaintiff-Appellant,

v.

**ANCHOR WIRE CORPORATION and Commercial Union Insurance Company, Defendants-Appellees.**

Supreme Court of Tennessee, at Nashville.

Aug. 5, 1985.

Richard S. Maxwell, Thomas H. Ware, Nashville, for plaintiff-appellant.

John P. Apel, Nashville, for defendants-appellees.

## OPINION

BROCK, Justice.

In this suit for workers' compensation benefits, the trial court dismissed the complaint at the end of the plaintiff's proof on the basis that she had not given notice to the defendant within 30 days of the occurrence of her injury as required by T.C.A., § 50-6-201. This appeal followed.

The plaintiff began work for the defendant, Anchor Wire Corporation, in September, 1979. Her job required the frequent lifting of objects weighing up to 27 lbs. She periodically had inflammation in her left or right shoulder which was treated with anti-inflammatory and analgesic medication and ultrasound therapy. In April, 1981, she began having difficulty at work due to pain in her neck and left arm. The pain gradually increased until it became so severe that she was forced to leave work on April 23. When she left, she explained to her supervisor that she was having pain and that she needed to leave to see a doctor.

The plaintiff went to a family physician, who referred her to another physician. That physician admitted the plaintiff to a hospital the last week of April. After one week a neurosurgeon, Dr. Cushman, was called in on the case. Dr. Cushman performed surgery on the plaintiff on May 7, 1981, to correct a ruptured disc. After the surgery plaintiff continued to have pain. As a result, she underwent a second operation in September, 1981, to repair another disc. Dr. Cushman informed the plaintiff that she had degenerative disc disease and would not be able to return to work.

During the plaintiff's treatment, she was in contact with persons from Anchor Wire Corporation and they were aware of her progress. Insurance claim forms for defendant's disability coverage plan, rather than forms for the workers' compensation plan, were sent to the plaintiff by the An-

chor Wire employee responsible for processing insurance claims for employees. The plaintiff filed the claims under the defendant's disability coverage plan, indicating on the forms that the injury was not work-related because, at that time, she was unaware that the injury was work-related.

During a conversation which took place in early January, 1982, the plaintiff's son suggested to her the possibility that her degenerative disc disease might be work-related. He was the first person to bring that possibility to her attention. As a result of that conversation, the plaintiff contacted an attorney on January 27, 1982. The attorney consulted with Dr. Cushman to obtain his opinion as to whether plaintiff's back problems might be connected to her work. Dr. Cushman informed him that her condition was work-related. On February 2, on behalf of the plaintiff, the attorney sent notice to the defendant that the plaintiff was claiming a work-related injury.

This is the second trial of this case. In the first trial, upon essentially the same proof, the trial court ruled for the plaintiff on the issue of notice, but dismissed the cause on other grounds. We reversed the trial court's dismissal and remanded the cause for a new trial, 662 S.W.2d 327 (1983).

The plaintiff argues that the trial court applied the wrong legal standard in finding that the plaintiff's excuse for failure to give notice was not reasonable. Before we address that argument, we find it necessary to outline the proper legal standard to be applied in cases of this nature.

■ Under the terms of T.C.A., § 50–6–201, the 30–day notice period is tolled by "reasonable excuse for failure to give such notice." An employee's reasonable lack of knowledge of the nature and seriousness of his injury has been held to excuse his failure to give notice within the 30-day period. *See, e.g., CNA Insurance Co. v. Transou,* Tenn., 614 S.W.2d 335, 337 (1981), *Davis v. Traveler's Insurance Co.,* Tenn., 496 S.W.2d 458 (1973); *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d 65 (1961).

Likewise, an employee's lack of knowledge that his injury is work-related, if reasonable under the circumstances, must also excuse his failure to give notice within 30 days that he is claiming a work-related injury. *See* Larson, *Workmen's Compensation,* Vol. 3, § 78.41(f), pp. 15–216 to 15–217. It is enough that the employee notifies the employer of the facts concerning his injury of which he is aware or reasonably should be aware.

In the analogous situation involving the failure to file a workers' compensation claim within one year of the occurrence of the injury, the limitations period provided by T.C.A., § 50–6–203, it is well-settled that "the running of the statute of limitations is suspended until by reasonable care and diligence it is discoverable and apparent that an injury compensable under the workmen's compensation laws has been sustained." *Norton Co. v. Coffin,* Tenn., 553 S.W.2d 751, 752 (1977); *Imperial Shirt Corp. v. Jenkins,* 217 Tenn. 602, 399 S.W.2d 757 (1966); *Union Carbide Corp. v. Cannon,* Tenn., 523 S.W.2d 360 (1975). Given the common basis for the two provisions, that rule is fully applicable to the notice requirement of T.C.A., § 50–6–201. *See* Larson, *Workmen's Compensation,* Vol. 3, § 78.41(a), p. 15–155 (stating similar standards for both the notice and limitations issues).

■ It is clear from the preceding authority that when an employee has failed to give notice within 30 days of the occurrence of an injury, the focus of the trial court's inquiry should be the reasonableness of the employee's failure to do so. As applied to the facts of this case, the trial court was required to determine whether or not plaintiff's failure to recognize the work-related character of her injury was reasonable.

■ Plaintiff's argument that the trial court applied an erroneous standard of law on the issue of notice is based upon comments of the trial judge during arguments by counsel at the end of the plaintiff's proof, which plaintiff contends indicate that

the trial judge focused upon the reasonableness of the defendant's actions, rather than the reasonableness of plaintiff's excuse for failure to give notice. During the arguments, the trial judge made the following comments:

> "THE COURT: Well, they knew about her condition. I think they acted responsibly. The doctor, every time he'd send them a note telling them why she was not working. They went on and kept her right on the job and protected all of her rights. And as was indicated at Thanksgiving, during this period of time between the last problem and then until she went to see the lawyer in January, they wanted to give her a turkey at Thanksgiving and that sort of thing.
>
> I mean, I don't think the employer has acted irresponsibly or anything in this case. I think that it raises a question in the Court's mind as to whether or not they were given proper notice under the Workmen's Compensation law."

In addition, it is significant that none of the trial judge's comments were related to the reasonableness or unreasonableness of the plaintiff's excuse for failure to give notice. The trial judge dismissed the complaint immediately following the arguments. Upon this record, we agree with the plaintiff that the trial judge did not apply the appropriate legal standard on the issue of notice. It is the reasonableness of the employee's actions, rather than the employer's actions, which determine whether an employee's failure to give notice is excused.

██ We are further of the opinion that, judged under the correct legal standard, the facts of this case compel the conclusion that the plaintiff's excuse for her failure to give notice within 30 days of the occurrence of the injury was reasonable. In making that determination we have considered several factors which we find to be significant. The plaintiff's injury did not result from a single event at work which might have put her on notice that the injury was work-related; instead, her condition

had a gradual onset and progression. Her condition was diagnosed as degenerative disc disease, a label which did not indicate to the plaintiff that she had incurred a work-related injury. None of the plaintiff's physicians discussed with her the possibility that her injury was connected with her employment. Considering the above factors in the aggregate and in light of plaintiff's age and limited education, she cannot properly be charged with knowledge of the cause of her back problems until early January, 1982, when the possibility that her condition was work-related was first brought to her attention by her son. Her lack of knowledge prior to that time, being reasonable, excuses her failure to give notice. Notice was given to the defendant on plaintiff's behalf within 30 days of her first learning that her condition was work related. Plaintiff, therefore, sufficiently complied with § 50–6–201.

The action of the trial court dismissing this cause is reversed, and the case is remanded for a new trial consistent with this opinion. Costs are taxed against the defendant-appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.