Linda Sue PUCKETT,
Plaintiff-Appellant,

v.

N.A.P. CONSUMER ELECTRONICS CORP. and Magnavox Consumer Electronics Company, Defendants-Appellees.

Supreme Court of Tennessee,
at Knoxville.

Feb. 23, 1987.

Carl R. Ogle, Jr., Jefferson City, for plaintiff-appellant.

Arthur G. Seymour, Jr., Frantz, McConnell & Seymour, Knoxville, for defendants-appellees.

## OPINION

DROWOTA, Justice.

The determinative issue in this workers' compensation appeal is whether the trial judge erred in dismissing Plaintiff's suit for failure to notify her employer in accordance with T.C.A. § 50-6-201. The injury occurred before July 1, 1985, therefore, on review the findings of fact by the trial judge are set aside only if there is no material evidence supporting the judgment or decree. T.C.A. § 50-6-225(e) (1983); *Alley v. Consolidation Coal Co.*, 699 S.W.2d 147, 148 (Tenn.1985).

Plaintiff, Linda Sue Puckett, was at the time of trial forty years old, married, and an employee of Defendants for eighteen years doing basically physical labor. She began noticing problems with her arms, hands and neck in 1982. She "thought it was arthritis or something." She began seeing Dr. Edward Eyring on September 1, 1983. At that time, and at her request, Dr. Eyring's bills were paid by The Equitable Insurance Company pursuant to Plaintiff's group insurance policy.

Plaintiff was advised in January, 1984, that her injury was work-related. Her attorney wrote Dr. Eyring on January 9, 1984, asking "whether or not this was a work-related injury or was a condition which was aggravated by working conditions." On January 12, 1984, Dr. Eyring responded that in his opinion "the carpal tunnel problems that Mrs. Puckett had were caused by work and aggravated by work." On May 1, 1984, Plaintiff visited the occupational health nurse at the plant to inquire about workers' compensation benefits. She told the nurse she was scheduled for carpal tunnel surgery the following day and she wanted to sign up for Workers' Compensation. She could relate no specific injury, but simply indicated she used soldering equipment and an air gun over a period of time and had been having a problem with her hand for approximately two years. The nurse further testified that Dr. Eyring was not a designated physician for employees to see for work-related injuries.

Defendants began receiving group insurance claim forms from Plaintiff containing attending physician's statements that she was continuously and totally disabled from May 1, 1984, through August 27, 1984. The attending physician's statement form contained the question "does condition arise out of employment?" The forms dated May 9, May 17, June 25 and July 20,

1984, each responded "No." The forms dated June 1 and August 10, 1984, responded "Yes."

Plaintiff was terminated by Magnavox on August 27, 1984. She filed suit on November 2, 1984, alleging that while in the course and scope of her employment, she suffered an accidental injury and/or suffered an occupational disease. The pleadings allege no specific date of injury. The pleadings do allege that Defendants "were given notice and had actual notice of this injury and/or occupational disease as soon as Petitioner was informed that this was work related." Defendants specifically denied this allegation and averred "that Plaintiff failed to give the notice required by T.C.A. § 50–6–201 and 50–6–202, and her suit against them is barred."

This cause was heard on December 2, 1985, and the trial judge found that Plaintiff may have thought it was arthritis at first, but once she had notice that it was job related (January 1984), she was required to give her employer notice. The final judgment states that the court "was of the opinion that Plaintiff's suit should be dismissed for failure to give notice in accord with the provisions of T.C.A. § 50–6–201 and § 50–6–202." Explicit in the trial court's finding was that Plaintiff had not given actual or written notice of her injuries within the thirty-day period required in T.C.A. § 50–6–201, and that she had not shown to the court any reasonable excuse for her failure to give notice within the prescribed time. From this ruling the Plaintiff has appealed.

The sole issue before us is whether the trial court properly dismissed Plaintiff's action for failure to give Defendants proper and timely notice of her injury under the Workers' Compensation law. T.C.A. § 50–6–201 provides:

"Every injured employee or his representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation which may have accrued under the provisions of the Workers' Compensation Law from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this chapter unless such written notice is given the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented."

In *Brookside Mills v. Harrison*, 158 Tenn. 86, 88, 11 S.W.2d 679 (1928), Chief Justice Grafton Green stated that the language of the statute is imperative. He then held:

"There must be written notice within thirty days, or there must be a satisfactory excuse. Otherwise compensation cannot be enforced. To hold otherwise would be to disregard the provisions of the Act." *Black Diamond Colleries v. Deal*, 144 Tenn., 465 [234 S.W. 322 (1921) ]."

The reasons for the thirty day statutory notice of injury requirement are (1) to give the employer an opportunity to make an investigation while the facts are accessible, and (2) to enable the employer to provide timely and proper treatment for the injured employee. *Masters v. Industrial Garments Manufacturing Co.*, 595 S.W.2d 811, 815 (Tenn.1980); *Aetna Casualty & Surety Co. v. Long*, 569 S.W.2d 444, 449 (Tenn.1978).

It is Plaintiff's theory that the physical problems developed by her were slowly developed and occurred over a period of years. She began noticing problems as early as 1982, but she was not aware that her problems were work-related. She began seeing Dr. Eyring in September 1983, and his bills were paid by Plaintiff's group insurance policy, which she had by virtue of her employment with Defendants. Her attorney contacted her doctor in January 1984, and not until that time was she aware that her injury was work-related.

Plaintiff admits that her employer did not know specifically of the accidental injury because it was gradual in nature. The first notice her employer had was May 1, 1984, when she advised the company nurse of her problem.

A somewhat analogous situation is found in *Pentecost v. Anchor Wire Corp.*, 695 S.W.2d 183 (Tenn.1985). Ms. Pentecost began having difficulty at work due to pain in her neck and left arm in April, 1981. The pain gradually increased. Ms. Pentecost filed claims under her employers disability coverage plan, indicating on the forms that the injury was not work-related because, at that time, she was unaware that the injury was work-related. Ms. Pentecost contacted an attorney on January 27, 1982, and her attorney consulted with her doctor to obtain his opinion as to whether Plaintiff's problems were connected to her work. The doctor responded that Ms. Pentecost's condition was work-related, and on February 2, 1982, the attorney sent notice to the Defendant that Plaintiff was claiming a work-related injury.

Ms. Pentecost's injury, like that of Mrs. Puckett, did not result from a single event at work which might have put her on notice that the injury was work-related; instead, her condition had a gradual onset and progression. However, Ms. Pentecost gave notice to her employer within 30 days of her first learning that her condition was work-related. This Court, in *Pentecost v. Anchor Wire Corp.*, held:

> "Under the terms of T.C.A., § 50–6–201, the 30–day notice period is tolled by 'reasonable excuse for failure to give such notice.' An employee's reasonable lack of knowledge of the nature and seriousness of his injury has been held to excuse his failure to give notice within the 30–day period. [Citations omitted.] Likewise, an employee's lack of knowledge that his injury is work-related, if reasonable under the circumstances, must also excuse his failure to give notice within 30 days that he is claiming a work-related injury. [Citations omitted.]" 695 S.W.2d at 185.

We went on to hold that the notice requirement of T.C.A. § 50–6–201 is suspended until, by reasonable care and diligence, it is discoverable and apparent that an injury compensable under the workers' compensation laws has been sustained. Ms. Pentecost gave the Defendant notice within 30 days of her first learning that her condition was work-related. She, therefore, complied with T.C.A. § 50–6–201.

In the case at bar, Mrs. Puckett had notice that her injury was work-related in January 1984. She did not give her employer notice until May 1, 1984, when she visited the plant nurse. There is no evidence in the record that Plaintiff gave actual or written notice of her injury to Defendants within the 30–day period required by statute, nor is there any evidence in the record of any actions taken on behalf of Defendants which would serve as an estoppel or waiver of Defendant's right to receive such notice. Plaintiff has also failed to show any reasonable excuse for her failure to give notice within the prescribed time. The trial court's judgment is supported by material evidence found in the record and is accordingly affirmed. The costs of this appeal are taxed to Plaintiff.

BROCK, C.J., FONES and HARBISON, JJ., and FRANKS, Special Judge, concur.