**J.T. JONES, Jr., Appellant,**

v.

**HELENA TRUCK LINES, INC., and Liberty Mutual Insurance Company, Appellees.**

Supreme Court of Tennessee, at Jackson.

June 8, 1992.

---

Ira M. Thomas, Memphis, for appellant.
Richard D. Click, Memphis, for appellees.

## OPINION

DAUGHTREY, Justice.

This workers' compensation appeal requires us to review the sufficiency of the employee's notice that he was injured on the job. The trial court dismissed the action, ruling that the employee knew that he had sustained a work-related injury but failed fully to communicate this knowledge to his employer. For reasons set forth below, we disagree with the trial court's conclusion and find that the employee is entitled to recovery. Because the trial court made no findings beyond the ruling on notice, it is necessary to remand the case for a determination of the award to the employee.

We begin with a brief summation of the facts pertinent to the issue of notice. The employee, J.T. Jones, was a long-haul truck driver for the employer, Helena Truck Lines, Inc. On two separate occasions in May and June of 1989, Jones slipped and fell while disembarking from his truck.

After the second and more serious of the falls, Jones was treated in an emergency room for pain in his back and numbness in his limbs. Jones was referred to a specialist, Dr. D.E. Snyder, whom Jones saw the next day.

Over the next month, Dr. Snyder performed various tests and treatments, without positive results. Meanwhile, the employee's attempt to return to work was thwarted by pain and numbness in his back and numbness in his limbs. Dr. Snyder eventually diagnosed Jones's injury as spinal cord stenosis, and he successfully performed surgery to decompress the affected area of Jones's spinal cord. The procedure left Jones unable to drive long distances because of pain from sitting for extended periods, limited range of head motion, and significant lifting restrictions.

■ The employer contends that Jones failed to give adequate notice that he had suffered a work-related injury within the time prescribed by the statute. In order to receive workers' compensation, T.C.A. § 50–6–201 requires an employee to give notice of an injury to the employer within 30 days after sustaining the injury. An employee must give the required notice before benefits can be collected. *Aetna Casualty & Surety Co. v. Long,* 569 S.W.2d 444 (Tenn.1978). Notice must be calculated reasonably to convey the message that the employee has suffered an injury arising out of and in the course of employment. *Masters v. Industrial Garments Mfg. Co., Inc.,* 595 S.W.2d 811 (Tenn.1980).

■ Jones maintains that he gave notice of a work-related accident within the statutory period. Jones contends that he told his immediate supervisor of the accident when he arrived at the terminal on the evening after the second fall. Jones testified:

> I told him [the supervisor] that I had fallen out of the truck and I was having some pain and numbness in my limbs. He asked me did I want to go to the doctor. I told him, yes, I did.

The trial judge apparently accepted Jones's testimony as credible, stating, "I do believe that he believed he communicated."

However, the trial judge found that Jones had failed to convey to his employer that the injury was work-related. The record indicates that Jones's supervisor admitted that he could not positively deny being told of the injury, but added that if Jones had told him, he would have referred Jones to Ezra Sharp, who handled workers' compensation claims for the terminal. Sharp denies being informed of a work-related injury. He testified that Jones told him only that he was injured, but not that the injury arose out of and in the course of his employment.

■ Additionally, Sharp denies that Jones made the trip on which the injury occurred. But Sharp's testimony in this regard is clearly contradicted by that of the employee, his wife, and a co-worker who observed Jones as he arrived from his haul. The co-worker testified that Jones was in such pain that he had to help him out of his truck. Jones told the co-worker that the injury resulted from a fall from his truck. While we cannot impute the knowledge of a fellow employee to the employer, *Brookside Mills v. Harrison,* 158 Tenn. 86, 11 S.W.2d 679 (1928), cannot ignore its corroborating effect on Jones's testimony.

Evidence that Jones sustained a work-related injury is pervasive throughout the record. Moreover, Jones adequately conveyed this fact to several people with whom he came into contact. The co-worker recalled being told that Jones fell from his truck while on the job. Jones's wife remembered. The treating physician remembered. Yet, according to his employer, Jones allegedly omitted this salient fact in his conversation with his supervisor, as evidenced by the supervisor's failure to report the accident to Sharp, or to advise Jones to do so. This omission, however, is as easily attributable to the supervisor's oversight as it is to Jones's failure to communicate both the nature and the cause of his injury.

We find our decision in *Tenpenny v. Batesville Casket Co., Inc.,* 781 S.W.2d 841 (Tenn.1989), particularly instructive in determining the sufficiency of the evidence in this case. The employee in *Tenpenny* tes-

tified that he told the company nurse his injury was work-related. The nurse had no recollection of the notification and her notes of the conversation indicated that he did not mention that the injury was work-related. Later, the employee indicated that his disability was not work-related on an insurance form. *Id.* at 842. Because corroborating testimony supported the employee's assertion that he gave proper notice, we held that the statutory requirement had been fulfilled. *Id.* at 844.

■ We hold that Jones gave adequate notice under T.C.A. § 50–6–201. He reasonably conveyed to his employer that he had been involved in a work-related accident and thereby suffered an injury arising out of and in the course of his employment. In reaching this conclusion, we have considered both the strength of the testimony in the record and the conspicuous omission of any assertion of prejudice stemming from the employee's alleged failure to give notice. Although lack of prejudice, by itself, is insufficient to excuse the failure to give notice, *Aluminum Company of America v. Rogers*, 211 Tenn. 187, 364 S.W.2d 358 (1962), the matter is germane to a determination of notice. *Gluck Brothers, Inc. v. Pollard*, 221 Tenn. 383, 426 S.W.2d 763 (1968).

■ The employer further claims that causation was not established, but we find to the contrary. The treating physician testified that the type of injury Jones suffered usually results from a fall or other similar trauma to the neck area. The doctor assessed a 20 percent anatomical disability, using the AMA Guidelines.

■ The employee testified that he was physically unable to pursue other long-distance trucking jobs. Moreover, he had unsuccessfully attempted to secure employment as a local trucker. Because all of his adult working life had been devoted to trucking, he possessed few transferable skills. At the time of trial, he was working as a security guard, earning approximately 35 percent of the amount of his salary before being injured. We conclude that the trial court should weigh these factors in determining what amount to award for permanent partial disability to the body as a whole. The employee is also entitled to recover for temporary disability and for medical expenses.

■ As a matter of guidance in future cases, we suggest that when a trial court has heard all the proof and intends to rule in the employer's favor on some ground authorized by statute or by case law, the court should also make contingent findings concerning the extent to which the employee would otherwise be entitled to recover. Such a ruling will avoid the necessity of a remand in the event that we find, as we have in this case, that the employer's defense cannot be sustained.

The judgment of the trial court is reversed, and the case is remanded for the entry of an order in conformity with the directions in this opinion. Costs will be taxed to the appellees.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.