GEORGE S. BRITT, *et al. v.* W. B. COOK, CITY COMPTROLLER.*

(*Nashville.* December Term, 1927.)

Opinion filed May 26, 1928.

### 1. MERCHANT. PRODUCE DEALER. PRIVILEGE TAX.

Applying the comprehensive legislative definition of the term "Merchant" as used in the Revenue Act, one who is a dealer in all kinds of farm products, buying and selling vegetables, fruits, etc., is a merchant, although he is also a produce dealer, and is liable for the privilege and **ad valorem** tax therein levied. (Post, p. 56.)

Citing: Public Acts 1927, ch. 89, sec. 26; Public Acts 1927, ch. 89, sec. 3.

### 2. MERCHANT. PRODUCE DEALER. PRIVILEGE TAX.

One who holds himself out as a produce dealer is also a merchant and but for the exempting clause in the Revenue Act would be liable for the merchant's privilege and **ad valorem** tax and the tax imposed on produce dealers. (Post, p. 56.)

Citing: Public Acts 1927, ch. 89, sec. 26; Public Acts 1927, ch. 89, sec. 3; Kansas City v. Lorber, 64 Mo. App. 604; Rosenbaum v. Newbern, 118 N. C., 83, 32 L. R. A., 123.

### 3. PRODUCE DEALERS. PRIVILEGE TAX. LEGISLATIVE INTENT. CONSTRUCTION OF STATUTE.

Since the section of our revenue laws which imposes a tax on produce dealers contains a proviso "that this Act and the above privilege tax shall not apply to merchants . . . who handle such farm products and pay a privilege tax and an **ad valorem** tax under the provisions of this Act," to hold one who pays such merchant's privilege and **ad valorem** tax liable for the payment of a privilege tax as a produce dealer would violate well-recognized rules of construction, namely (a) Revenue Statutes are con-

strued against the government and in favor of the taxpayer, (b) the intention will not be extended by implication, but must be clearly expressed, (c) that no intention to duplicate taxation will be presumed, but the contrary, and (d) that a concluding proviso is to be taken as conclusive of the legislative will. (Post, p. 57.) Citing: Plow Co. v. Hays, 125 Tenn. (17 Cates), 148; Watts v. Hauk, 144 Tenn. (17 Thomp.), 215; White v. Nashville, etc., R. R. Co., 54 Tenn. (7 Heisk.), 518-524; Public Acts 1927, ch. 89, sec. 26; Public Acts 1927, ch. 89, sec. 3.

*Headnotes 1. Merchandise, 40 C. J., section 2; 2. Statutes, 36 Cyc., p. 1189; 3. ———; 4. ———; 5. Statutes, 36 Cyc., p. 1163; 6. Licenses, 37 C. J., section 62.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

SETH M. WALKER and WM. WALLER, for complainant.

J. WASHINGTON MOORE, J. CARLTON LOSER, CHAS. GILBERT and RICHARD GLEAVES, for City.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Comptroller of the City of Nashville appeals from a decree holding appellees not liable for the privilege tax imposed by the subsection of Section 4 of the Revenue Act of 1927, found on page 325, under the title "Produce Dealers." Appellees brought this suit to enjoin collection of this special tax, alleging that they are dealers in all kinds of farm products, buying and selling vegetables, fruits, etc., with a place of business in Nashville, who have paid a merchant's privilege tax and an

*ad valorem* tax, under the pertinent provisions of the Act, and therefore, deny liability for the special privilege tax imposed on produce dealers as such. Reliance is had on a proviso concluding the subsection reading as follows: "Provided, further, that this Act and the above privilege tax shall not apply to merchants, in this State, who handle such farm products and pay a privilege tax and an *ad valorem* tax under the provisions of this Act."

*(1)* The term "merchants" is defined in the General Assessment Act of 1907, Section 26, referred to in Section 3 of the Revenue Act of 1927 levying the *ad valorem* tax on merchants, as follows:

"The term 'merchant,' as used in this Act, includes all persons, copartnerships, or corporations engaged in trading or dealing in any kind of goods, wares, merchandise," etc.

Applying this comprehensive legislative definition, there can be no doubt that, although appellees are produce dealers, they are also merchants, and this being so, they were liable as such for "a privilege tax and an *ad valorem* tax," which they have paid.

*(2)* If appellees had held themselves to be produce dealers only, as defined in this subsection, and not merchants, and paid the tax of $50 imposed, and been here resisting the *ad valorem* tax imposed on "all merchants," could they successfully insist that they are not merchants under the broad statutory definition of that term? Could they maintain that they are not engaged in trading or dealing in any kind of goods, wares, or merchandise, whether kept on hand for sale, or purchased and delivered for profit? "Merchandise" is defined as "the objects of commerce; whatever is usually bought or sold in trade or market." Webs. New Inter. Dict. And "mer-

chant'' is defined as ''anyone making a business of buy-
ing and selling commodities; a trafficker; a trader.''
*Idem.* The term ''merchant'' has been held to include
ice dealers, saloon keepers, druggists, butchers, and, spe-
cifically, produce dealers doing a business so limited. 40
C. J., 646, Bouvier's Law Dict., page 2196. In *Kansas
City* v. *Lorber,* 64 Mo. App., 604, it was directly held ''too
plain for argument'' that authority to tax a ''produce
dealer'' was included in the power to tax ''merchants,''
citing authorities. If merchants, and taxable as such,
appellees are expressly exempted by the proviso from
this special tax on produce dealers, a special class of
merchants embraced within the broader term. And but
for the exempting proviso this special class of merchants
would have been liable for both taxes. *Rosenbaum* v.
*Newbern,* 118 N. C., 83, 32 L. R. A. 123.

*(3)* Now looking to the plain language of the pro-
viso above quoted, it seems apparent that it was not the
purpose of the legislature to impose a triple tax, that is,
a merchant's privilege (page 318), an *ad valorem* (section
3) and the special produce dealers' privilege tax under
consideration. A different conclusion would violate well-
recognized rules of construction, namely, that (a) Rev-
enue Statutes are construed against the government and
in favor of the taxpayer, (b) the intention will not be ex-
tended by implication, but must be clearly expressed, (c)
that no intention to duplicate taxation will be presumed,
but the contrary, and (d) that a concluding proviso is to
be taken as conclusive of the legislative will. These gen-
eral rules hardly require supporting citation of authori-
ties, but see *Plow Co.* v. *Hays,* 125 Tenn., 148, and cita-
tions therein on page 155; *Watts* v. *Hauk,* 144 Tenn., 215;

and *White* v. *Nashville, etc., R. R. Co.,* 54 Tenn. (7 Heisk.), 518, at page 534.

For appellant it is urged that a construction of the proviso which exempts merchants who are also produce dealers, and whose business is so confined, is repugnant to the provisions of the subsection proper, leaving it without possible application and meaningless, and authorities are cited for the general proposition that it is the duty of the Court to adopt that construction of apparently conflicting statutes, or clauses of statutes, which will save, rather than destroy. It must be conceded that there is apparent conflict, and that giving reasonable effect to the proviso operates to restrict somewhat the practical application of the special tax imposed by the subsection. It is, however, easy to conceive of classes of produce dealers who carry no stock and employ no capital to which no *ad valorem* merchant's tax could apply, and who would, therefore, be subject to the special privilege tax under consideration, and were intended to be reached by this subsection. For illustration, many produce dealers handle farm products not as merchants, but on consignment and for a commission; or buy for delivery direct to the purchaser; or deal altogether in farm products purchased direct from the producer, not taxable "in the hands of the producer and his immediate vendee." Const. Art. 2, Sec. 28. The exemption of the proviso extends to those produce dealers only who pay a privilege tax and an *ad valorem* tax. As already indicated, we think it quite apparent that the legislature has affirmatively disclaimed a purpose to collect from those who are merchants dealing in or "handling" farm products a triple or double tax. The test of the applicability of the special tax to such dealers is set forth in the con-

cluding lines of the proviso, exempting those who "pay a privilege tax and an *ad valorem* tax."

It is plausibly insisted that the legislature intended, by the opening paragraph of the subsection, to place produce dealers in a class distinct from merchants, and that, this being so, when the term "merchants" was employed in the proviso, it was not intended to exempt such merchants as were defined as produce dealers in the opening paragraph. While this is plausible, yet, looking to the act as a whole and giving application to the rules of construction above noted, the doubt must be resolved in favor of the taxpayer.

It results that the decree of the Chancellor is affirmed.