OGLE *v.* TENNESSEE EASTMAN CORPORATION.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

R. L. OGLE, of Sevierville, for appellant.

HODGES & DOUGTY, of Knoxville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed by complainant Ogle, under the Workmen's Compensation Act, seeking compensation for disabilities suffered while complainant was in the employ of the defendant company. The Chancellor sustained a demurrer to the bill and complainant has appealed.

On or about July 1, 1945, while complainant was handling chemicals in the course of his employment, an explosion occurred which caused fumes and poison gases to envelope complainant. His eyes were irritated and inflamed by the gas and fumes. He immediately reported the occurrence to the company foreman, who sent him to the company doctor, and the latter treated complainant

until he was apparently fully recovered. He returned to work and continued in the employ of the company until December 1946, when, on account of trouble with his left eye, he reported again to the company physician for treatment. Complainant was sent by the company physician to a specialist in Knoxville, and after undergoing treatment by the latter for some time, on or about February 10, 1947, he was told that as a result of the injury by the chemical fumes and gases, he had lost the sight of his left eye. So, under the statements of the bill which are to be taken as true, although the accident occurred on July 1, 1945, the resulting injury did not develop and was not discovered until February 10, 1947. A few days after February 10, complainant gave the required statutory notice to his employer, and on March 8, 1947, within 30 days, he filed this suit for compensation. By its demurrer to the bill, the corporation pleaded the applicable statutes of limitation, and the plea was sustained by the Chancellor, who dismissed the bill.

The sole question presented by the appeal is whether the *accident* or the *injury* is the event on the happening of which the statutory limitation of the time for filing suit commences to run against a claimant under the Workmen's Compensation Law. The law is set out in Chap. 43 of Williams Annotated Code of Tennessee, secs. 6851-6901.19, and two sections of that Chapter, 6874 and 6884, undertake to prescribe the limitation of time for the filing of suits for compensation under the Act.

The undisputed facts of the case here, show that there is a conflict between these two sections. Section 6874 provides that a claim shall be barred if suit is not filed "within one year after the [occurrence of the] accident," and the relevant part of section 6884 is as follows:

"The time within which the following acts shall be performed under this chapter shall be limited to the following periods, respectively.

"(1) Limit of time of actions or proceedings.—Actions or proceedings by an injured employee to determine or recover compensation, *one year after the occurrence of the injury.*"

Construing the foregoing sections together appellee contends that the limitation is "one year after the occurrence of the accident which results in the injury." Two Tennessee cases are cited in support of this contention, *Graham* v. *J. W. Wells Brick Co.*, 150 Tenn. 660, 266 S. W. 770, and *Ware* v. *Illinois Cent. Ry. Co.*, 153 Tenn. 144, 281 S. W. 927. The *Graham Case* is distinguishable on the facts since it was there found "that the injury or impairment of the vision of his (employee's) eye, *developed long before the expiration of one year.*" (150 Tenn. at page 664, 266 S. W. at page 771.) And the *Ware Case* is no authority for the present case, since the only question presented for decision there was on the sufficiency of notice. The apparent approval of the *Graham* decision in the course of the *Ware* opinion is merely *dictum.*

Section 6874 and section 6884, as they are now codified, were passed by the Legislature as section 24, and part of section 31 of Chapter 123 of the Public Acts of 1919, the original Workmen's Compensation Law in Tennessee. The proper rule for resolving the apparent conflict in the two sections was made in the case of *Southern R. Co.* v. *Grigsby,* 155 Tenn. 285, 292, 294, 292 S. W. 3, which is a later case than the *Graham Case,* and in which it was said: In this section (6874) the general period of limitation was expressed, apparently applicable to all actions for compensation, whereas in section 6884 a more detailed and specific treatment of limitation of actions

was made. Therefore the latter provisions limit and *control the former.*

██ This construction finds strong support in common sense. It is the "injury" and not the "accident" which determines the rights of the employee under the Act, and which is, therefore, of consequence and importance in the administration of the Act. The rule made in the *Grigsby Case* is also in accord with the well-known rule of statutory construction that where two sections of a statute are in conflict, the latter section shall prevail, *Britt* v. *Cook,* 157 Tenn. 54, 57, 6 S. W. (2d) 322.

██ Further, the Act is not to be construed strictly as being in derogation of the common law, but liberally in favor of the claimant and in furtherance of the sound public policy that dictated the legislation, Code sec. 6901; *Johnson Coffee Co.* v. *McDonald,* 143 Tenn. 505, 226 S. W. 215; *Frost* v. *Blue Ridge Timber Corp.,* 158 Tenn. 18, 11 S. W. (2d) 860; *S. C. Weber Iron & Steel Co.* v. *Jeffery,* 161 Tenn. 142, 29 S. W. (2d) 656; *Marshall Construction Co.* v. *Russell,* 163 Tenn. 410, 43 S. W. (2d) 208; *Hooper Tire Co.* v. *Maneese,* 164 Tenn. 51, 45 S. W. (2d) 1071; *Parks* v. *E. M. Carmell Co.,* 168 Tenn. 385, 79 S. W. (2d) 285; *Maxwell* v. *Beck,* 169 Tenn. 315, 87 S. W. (2d) 564. Liberalizing the strict construction of the earlier cases accords with the trend of the great weight of modern authority in other jurisdictions. Compare Current Trends in Basic Principles of Workmen's Compensation, Horovitz, 1947; *Tinsman Mfg. Co.* v. *Sparks,* Ark., 201 S. W. (2d) 573, 575; *Texas Employers' Ins. Ass'n* v. *Holmes,* Tex. Sup., 196 S. W. (2d) 390, 394; *Rogers' Case,* 318 Mass. 308, 61 N. E. (2d) 341, 159 A. L. R. 1394; *Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470, 128 N. E. 711, 13 A. L. R. 522, Cardozo.

This liberalizing trend and disregard of technicality to protect the employee is evident in our recent case of *McBrayer* v. *Dixie Mercerizing Co. et al.*, 176 Tenn. 560, 144 S. W. (2d) 764. There, both failure to give the statutory notice and failure to file suit were excused on account of physical disability resulting from the injury. It was said in the course of the opinion that the law will never be so construed as to require the impossible, citing the cases of *Marshall Construction Co.* v. *Russell*, 163 Tenn. 410, 417, 43 S. W. (2d) 208, and *Donahue* v. *R. A. Sherman's Sons Co.*, 30 R. I. 373, 98 A. 109, L. R. A. 1917 A, 76.

Certainly, if physical disability is a reasonable excuse, ignorance of the disability, under the extraordinary circumstances of the present case as they are alleged in the bill, is a stronger and more persuasive excuse than physical disability. No reasonable construction of law could require that complainant give notice of a disability which he did not know existed or which did not in fact, exist, or that he should file suit for a disability before he had suffered it.

We confine this decision strictly to the facts of the present case. The injury and its causal connection with employment are undisputed. The complainant reported promptly to the employer's physician a few minutes after the accident. Thereafter he was, as is fairly to be inferred from the statements of the bill, constantly under that physician's care and supervision. As soon as complainant was informed that he had lost the sight of his eye, which was as soon as complainant, himself, realized that he had suffered the disability, he took the steps required of him by the Act, to perfect his claim. Under these undisputed facts, we think that the statute of limita-

tions commenced to run from "the occurrence of the injury" (Code sec. 6884), and not from the occurrence of the accident (Code sec. 6874).

For the reasons stated the decree below is reversed and the cause remanded.

All concur.