WATSON *v.* PROCTOR & GAMBLE DEFENSE CORPORATION *et al.*

(*Jackson*, April Term, 1949.)

Opinion filed June 10, 1949.

R. M. Murray, Huntingdon, and Drake & Kizer, Milan, for plaintiffs in error.

W. H. Lassiter, Huntingdon, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is a suit to recover compensation under the Workmen's Compensation Statute. The trial judge sustained a demurrer to the petition and the plaintiff has appealed.

The petition for compensation was filed in the Circuit Court of Carroll County on February 19, 1947, and alleged that the petitioner received an accidental injury on March 29, 1944. She alleges that while in the regular course of her employment a practice rocket fired during soldering, hit her on the head injuring the nasal bridge, tearing away a section almost an inch wide between the eyes including bone and soft tissues and injuring both eyes, resulting in complete loss of vision of the right eye and also injuring the left eye. A short time after the accident the petitioner and her employer and the employer's insurance carrier entered into an agreement to pay compensation at the rate of $14.47 per week. This

agreement was not filed with the department of labor, nor approved by any court order. It provided that "compensation would be payable weekly . . . . until terminated in accordance with the Workmen's Compensation Law of the State of Tennessee". The payments continued for 103 weeks. The compensation paid under said agreement was for "loss of vision in the right eye. Probable length of disability: 100 weeks." The compensation agreed to be paid under the above mentioned agreement was fully paid. The agreement and final payment under said agreement expired in March, 1946.

In an amendment to the original petition, the petitioner averred, (1) that the suit herein was instituted within one year from the occurrence of the injury, or one year from the discovery of the injury and that therefore it was within the statutory period of limitations: (2) that due to her physical condition she was prevented from filing suit one year from the accident: (3) that due to misrepresentations of the defendant she was lulled to sleep and prevented from filing a suit within one year from the time of the accident but that she did file the suit within the year after she discovered the defendants' false representations to her; and, (4) that the agreement heretofore pointed out amounted to a new promise and that she had one year from the time of default of the payment under the agreement within which to file suit to recover compensation.

Under the statements of the petition which are to be taken as true, although the accident had occurred on February 19, 1944, the resulting injury did not develop and was not discovered until after March 21, 1946. By its demurrer to the petition, defendant pleaded the ap-

497

plicable statutes of limitation, and the plea was sustained by the trial judge, who dismissed the bill.

The allegations of the petition are not sufficient, admitting the truth, to bring them within the rule as laid down in *McBrayer* v. *Dixie Mercerizing Co. et al.*, 176 Tenn. 560, 144 S. W. (2d) 764. In the *McBrayer Case*, the statutory notice was excused on account of physical disability of the injured employee. In the case now before us the facts as averred clearly show that if this employee had had any knowledge of her injury she had ample opportunity and time within which to bring action.

The petitioner here cannot travel on her allegation in reference to the agreement entered into with her employer and insurance carrier that she has one year from the final payments under this agreement within which to bring action. The agreement entered into by these parties was fully carried out by the employer or its insurance carrier and no default was made under said agreement. The statute, Code Section 6884, Subsection (3), allowing the employee to sue provides in substance that said employee may file suit and obtain judgment "in case of default of employer for thirty days to pay any compensation due under any settlement or determination one year after such default." In the instant case there was no default in the agreement; therefore, this agreement did not amount to a new promise. The agreement in no way had any connection with or did not mention any of the alleged injuries to the left eye for which injury compensation is now sought.

The petitioner avers in her petition:

"That after the injuries sustained by the petitioner, as aforesaid, her left eye has continuously grown worse and the doctors of the defendants, namely Dr. Rychenor

and Dr. Stanford, of Memphis, Tennessee, who were in the employ of the defendants and their servants or agents, fraudulently withheld from the petitioner the fact that her left eye was traumatically injured and told her that the condition was caused by an hereditary cataract, not caused by trauma or accident and not connected with her accidental injury aforesaid, and on which representations of said doctors she relied, having no information or knowledge at that time to the contrary, and by exercising due diligence, would not and could not have had, and that petitioner did not learn her true condition and that the condition of the left eye was caused by traumatic injury until after the defendants ceased paying compensation on March 21, 1946, and that by reason of her physical condition, she was unable to and was prevented from filing suit within one year of the date of the injury and until after March 21, 1946.

"That Mr. John T. Williams, who was the insurance co-ordinator for the Proctor and Gamble Defense Corporation, and Mr. E. T. Hackett, who was the Personnel Manager of the said Corporation prevailed upon the petitioner not to file suit and led her to believe that she would be compensated for the disability to her left eye and continued to have her examined at their expense by doctors of their choosing and in defendants' employ, after the lapse of one year from the date of the injury and even after the said insurance company discontinued paying compensation in March, 1946, and that the petitioner has letters in her file, or copies thereof, to prove her allegations. That the actions of defendants were intended to, and did lull the petitioner into a feeling of security and complacency."

■ Taking the two above quoted statements from the amended petition as true, which we must do, as the matter now comes to us, it seems to us that the petitioner here sets forth a state of facts which constitute fraudulent concealment on the part of the defendants of her condition. This concealment according to these allegations was to such an extent that she had no knowledge that the injury to her left eye was due to trauma until after approximately two years from the date of the accident.

Under these allegations, if the facts support them, the petitioner would be entitled to have a hearing on the merits and if the injury to her left eye is due to this accident by reason of the acts of the defendant as averred above, this would be a compensable injury.

■ This Court, speaking through Mr. Justice GAILOR, has determined that the Statute of Limitations commences to run from the occurrence of the injury and not from the occurrence of the accident. *Ogle* v. *Tennessee Eastman Corp.*, 185 Tenn. 527, 206 S. W. (2d) 909, 911. The reasons and authority for this holding are fully set forth in that opinion and it would be futile for us to again try to review these matters. It was said in the course of the opinion that, that decision was strictly confined to the facts of that case. We see no reason though why the reasoning in that case is not likewise applicable to the facts as averred in this case and particularly those as heretofore quoted from the amended petition.

■ This Court has held in the *McBrayer Case, supra,* that physical disability would excuse the giving of statutory notice and the failure to file suit. We can make no distinction between a reasonable excuse given under such conditions and the ignorance of the disability which was withheld from the claimant by the defendant. It

seems to us that under allegations of the kind, that is, that the present disability claimed was due to the ignorance of the claimant and due to the representation of the doctors of defendant that any injury was due to some other cause and not to an accidental injury. It seems perfectly logical and reasonable to assume that under these allegations they present a stronger and more persuasive excuse than a mere physical disability would offer for failure to bring suit within the statutory period. As said in the *Ogle Case, supra,* "No reasonable construction of law could require that complainant give notice of the disability which he did not know existed or which did not in fact, exist, or that he should file suit for disability before he had suffered it."

We therefore must conclude under the allegations of the amended petition, above quoted, that the cause should be remanded for the trial judge to hear proof under these allegations. If the proof sustains the allegations sufficient to satisfy the court then they would constitute a sufficient excuse for not having instituted this suit before it was instituted. The cause is therefore reversed and remanded for hearing consistent with this opinion.

All concur.