HARDY, Judge.
This is a suit for compensation in which plaintiff claims total and permanent disability. Defendant specifically pleaded the prescription or peremption of one year provided in the statute. After trial defendant’s plea was sustained and there was judgment dismissing plaintiff’s action. However, this judgment was set aside, a rehearing granted and, finally, judgment rendered in favor of plaintiff, from which defendant has appealed.
Inasmuch as we are of the opinion that the issue of prescription or peremption is conclusive in a determination of this matter, we confine our recital of facts to such as bear materially and pertinently upon this point.
The pertinent allegations of plaintiff’s petition, which was filed August 4, 1947, read as follows:
“5.
“On January 27, 1946, while performing services at defendant’s factory, incidental *39 to plaintiff’s employment and in the course of defendant’s business, in lifting large and heavy sheets of glass, plaintiff strained or wrenched his back, causing injury and severe pain, as is hereinafter more specifically set forth.
“6.
“Immediately thereafter plaintiff consulted a physician who diagnosed his pain as being caused by neuritis, and plaintiff was not then aware of the exact nature of his injury and he continued to work as best he could until his vacation in September of 1946.
“7.
“That on September 12, 1946, plaintiff was examined by Dr. Alvan Jones, an órthepedic physician, at which time he was apprised for the first time of the injury herein complained of, and on his return to Shreveport on September 24, 1946, he gave full notice to defendant of his injury.
“8.
“Despite his injury plaintiff continued to work as best he could, but the continuous cutting and lifting of large and heavy sheets of glass aggravated his injury until on March 11, 1947, the condition became so acute and the pain so unbearable that plaintiff was forced to quit work and since that time he has been unable to perform any work of any reasonable character and he is now totally and permanently disabled as a result of the injury sustained in the course of his employment by defendant.”
It is to be observed that plaintiff himself alleged the occurrence of an accident and an immediate injury as of January 27, 1946. The facts of the date, the accident and the injury were conclusively established by plaintiff on trial of the case by an indisputable preponderance of testimony. Indeed the record is devoid of any attempt on the part of defendant to combat or refute these salient facts.
Defendant’s plea of prescription or per-emption is based upon the provisions of Section 31 of Act No. 20 of 1914, as amended, Act No. 29 of 1934, Dart’s Statutes, Section 4420, which reads as follows: “in cáse of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the- payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 (§§ 4407, 4408) of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year, from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident.”
In view of the fact that plaintiff alleged the occurrence .of the accident and' an immediate resulting injury on a specific date, namely, January 27, 1946, and in further consideration of his delay in filing suit until August 4, 1947, the propriety and efficacy of the plea of prescription or per-emption is conclusive unless there be present other facts which would bring the matter under one of the exceptions to the per-emptive provisions.
The facts in the instant case are álmost entirely undisputed. Those pertinent to a resolution of the matter are established with certainty. After the accident and the resulting injury, which was conclusively evidenced by severe pain, plaintiff consulted a physician who diagnosed his trouble as neuritis. In September of 1946 an examination made by a Dr. Alvan Jones, an orthopedic physician of Johns Hopkins Hospital, Baltimore, Maryland, resulted in a diagnosis of a thinning of the'fifth lumbar intervertebral space, which appears to be synonomous with a protrusion or' herniation of the fifth lumbar intervertebral disc.
Plaintiff was and had been for many years in the employ of the defendant company, engaged in his occupation as a glass *40 cutter, in the course of which he handled large sheets of glass some fifty inches -in width, weighing from 90 to 100 pounds each. In the course of an average day’s work of cutting glass plaintiff handled some 100 sheets, more or less. In his work it was necessary to handle each of these sheets twice and thus plaintiff, during a working day, lifted an aggregate of approximately 20,000 pounds of glass. Plaintiff had been troubled with some backaches and pains at various times over a long period of years, even as far back as 1914, but none were of any standing duration nor of such severity as to cause loss of time from work But on the very definite date of January 27, 1946, plaintiff sustained the accident which immediately caused pain of such severity that he was never thereafter free from pain. At plaintiff’s own request, some time after September 19, 1946, he was changed from his job of cutting heavy glass to work on light glass which did not entail such a strain in weight lifting, and he continued on this job until March 11, 1947, when his condition had become so painful that he was farced to quit work, and, since which date, he has been totally and permanently disabled and unable to perform any work of any reasonable character. Examination by prominent local orthopedic specialists made at various periods subsequent to September, 1946, bore out the diagnosis of Dr. Jones. There is no question as to the nature of the injury, and its disabling character, nor is there any question as to the fact that the accident and injury arose out of and occurred in the course of plaintiff’s employment.
In the effort to bring plaintiff’s case within the exceptions provided by the act and thereby destroy the validity of the plea of prescription or peremption, it is contended that the accident and resulting injury were not effected by a single definite incident, but, on the contrary, that the “accident” consisted of repeated traumatic strains which eventually resulted in complete total and permanent disability at the time plaintiff ceased work on March 11, 1947. In support of this position the expert medical testimony is emphasized. We think there is no question as to the conclusive observations of the medical witnesses that no definite nor exact time of occurrence can be fixed with respect to the herniation or protrusion of the inter-vertebral disc. Be this as it may, since no time can be established, it follows that the repeated traumas which effected the final result of herniation or protrusion could have occurred prior to January 27, 1946. We think it unnecessary to dwell overlong or to indulge in inconclusive speculation on this point. The fact of predominating importance remains, namely; that plaintiff alleged and proved an accident and an immediate resulting injury which occurred on January 27, 1946. In the light of this circumstance we cannot conceive how the application of the prescriptive or peremptive period, which is plainly provided by the act, can be avoided.
It seems to us there is one infallible test which if applied to the instant case is clearly determinative of the somewhat vexing question presented. The test may be presented in the form of a question, namely; “Whan did plaintiff’s right and cause of action for compensation accrue? ”
The answer to the question is obvious. On the basis of the facts alleged and proved it is evident that plaintiff could have instituted his action at any time after January 27, 1946. This being true, we are at a loss to see how the beginning of the running of the peremptive period can be arbitrarily fixed as of any later date.
Another point upon which plaintiff relies is that he was uncertain, and indeed ignorant, of the exact nature of his injury until the diagnosis resulting from the examination of Dr. Jones in September of 1946. This, it seems to us, is beside the point. Plaintiff kn§w he had suffered an accident; he knew’ he had sustained an injury, as the result of which he was suffering severe and continuous pain. The act does not begin the running of the prescriptive period from the time of an accurate diagnosis of am injury but from the development of the injury. Plaintiff is his own authority for the conclusion as to an immediate injury on .January 27, 1946. *41 Our jurisprudence appears to be well settled on the point that the prescriptive or peremptive period begins to run from the date a disability becomes known, that is, the date upon which an injury becomes manifest. Hannafin v. Pelican Cracker Factory Co., Inc., La.App., 185 So. 479; Jaume v. Maison Blanche Co., La.App., 193 So. 905; Anderson v. Champagne, La.App., 8 So.2d 373. And this is true even though the exact nature of the injury was not discovered at the time of the accident. Stephenson v. McCook Bros. Funeral Home, Inc., La.App., 27 So.2d 644.
Finally it is urged that when plaintiff was transferred to lighter work and continued in the employ of defendant with the payment of regular wages, his position has been brought within the application of the principle set forth in Carpenter v. E. I. Dupont De Nemours & Co., La.App., 194 So. 99, and other cases to the effect that prescription does not run so long as such payments are continued.
The facts in the instant case definitely preclude the application of the principle urged. This plaintiff was not paid wages which were not earned; he was not paid wages in lieu of compensation nor as an act of charity on the part of his employer. The record conclusively established the fact that plaintiff' was a piece-worker and was paid for such work and only for such work as he actually performed. If plaintiff cut five pieces of heavy glass or 100 pieces of glass, he was paid the scale for five pieces or for one hundred pieces, as the case might be. When he was transferred to the so-called lighter work, which consisted of cutting lighter weight glass, he was paid the scale wage for the work he actually performed, no more and no less. There is no intimation in the record which would indicate that either plaintiff or defendant considered his lighter work as ■being in any sense or in any degree a gratuity or a lieu payment of compensation.
Under the facts as outlined, and under what, in our opinion, is the plain and unequivocal wording of the statute, the-plea of prescription or peremption should 'be sustained. Accordingly, it is ordered that the judgment appealed from be reversed and set aside and that there now be judgment sustaining defendant’s plea of prescription or peremption and dismissing plaintiff’s suit at his cost.