HARDY, Judge.
This is a suit in which plaintiff claims compensation for total disability. Defendant filed a plea of prescription and peremption of one year, which was sustained, and there was judgment dismissing plaintiff’s suit, from which plaintiff has appealed.
The pertinent allegations of plaintiff’s petition set forth that on or about September 8, 1947, while in the employment of the defendant in Jackson Parish, Louisiana, he suffered an injury in the course and scope of his employment which caused the development of a hernia in his right side. On or about September 13, 1947, plaintiff submitted to an operation for the repair of the hernia, which was performed at the Charity Hospital in Monroe. Some seven months after the date of the accident plaintiff suffered a recurrence of the hernia, which he claims to be totally and permanently disabling and for which he seeks compensation at the rate of $20 per week for a period not exceeding 400 weeks, together with recovery of the statutory sum for medical expenses which have accrued or will accrue in the future. This suit was instituted on March 8, 1949, some eighteen months after the occurrence of the accident and approximately the same period after the operation but less than one year after the alleged recurrence of the hernia.
Under the holding of the Supreme Court in Mottet v. Libbey-Owens-Ford Glass Company, La.Sup., 57 So.2d 218, 219, reversing the judgment of this Court in the same case, La.App., 49 So.2d 38, we think it is clear that the plea of prescription or peremption should be overruled. The opinion stated: “ * * * an employee who receives an injury flowing from an accident that later develops into disability is excepted from the general rule and his right of action is not perempted until one year after the injury has developed.”
It follows that the judgment appealed from should be and it is hereby reversed and set aside, defendant’s plea of prescrip *914 tion is overruled and the case is remanded to the Honorable Third Judicial District Court in and for the Parish of Lincoln, State of Louisiana, for further proceedings. Costs of this appeal are assessed against defendant-appellee.
KENNON, J., not participating.